**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| TAIHO PHARMACEUTICAL CO., LTD. and TAIHO ONCOLOGY, INC., | ) | |
| Plaintiffs, | ) | |
| vs. | ) | Civil Action No. |
| MSN LABORATORIES PRIVATE LTD. and MSN PHARMACEUTICALS INC., | ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiffs Taiho Pharmaceutical Co., Ltd. and Taiho Oncology, Inc. (collectively, "Taiho" or "Plaintiffs"), for their Complaint for Patent Infringement and Declaratory Judgment against MSN Laboratories Private Ltd. and MSN Pharmaceuticals Inc. (collectively, "MSN" or "Defendants"), allege as follows:

**THE PARTIES**

1. Plaintiff Taiho Pharmaceutical Co., Ltd. is a corporation organized and existing under the laws of Japan, having a principal place of business at 1-27 Kandanishiki-cho, Chiyoda-ku, Tokyo 101-8444, Japan.

2. Plaintiff Taiho Oncology, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 101 Carnegie Center, Suite 101, Princeton, New Jersey 08540.

3. Upon information and belief, defendant MSN Laboratories Private Ltd. is a corporation organized and existing under the laws of the Republic of India, having a principal place of business at MSN House, Plot No: C-24, Industrial Estate, Sanathnagar, Hyderabad 500018, Telangana, India.

4. Upon information and belief, defendant MSN Pharmaceuticals Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 20 Duke Road, Piscataway, New Jersey 08854.

5. Upon information and belief, MSN Laboratories Private Ltd. and MSN Pharmaceuticals Inc. are in the business of, among other things, developing, preparing, manufacturing, selling, marketing, and distributing generic pharmaceutical products throughout the United States, including Delaware.

6. Upon information and belief, MSN Pharmaceuticals Inc. is a subsidiary of MSN Laboratories Private Ltd.

7. Upon information and belief, MSN Pharmaceuticals Inc. has been designated as the United States agent for MSN Laboratories Private Ltd. in accordance with 21 C.F.R. § 314.50(a) in connection with one or more Abbreviated New Drug Applications ("ANDAs").

8. Upon information and belief, MSN Laboratories Private Ltd. and MSN Pharmaceuticals Inc. acted in concert to prepare and submit MSN's ANDA No.

214024 (tipiracil HCl/trifluridine oral tablets) ("MSN's ANDA Product") to the United States Food and Drug Administration ("FDA").

9. Upon information and belief, MSN Laboratories Private Ltd. and MSN Pharmaceuticals Inc. are agents of each other and/or operate in concert as integrated parts of the same group, including with respect to MSN's ANDA Product, and enter into agreements with each other that are nearer than arm's length.

10. Upon information and belief, MSN Laboratories Private Ltd. and MSN Pharmaceuticals Inc. participated in, assisted, and cooperated in the acts complained of herein.

11. Upon information and belief, following any FDA approval of MSN's ANDA, MSN Laboratories Private Ltd. and MSN Pharmaceuticals Inc. will act in concert to manufacture, market, distribute, and/or sell MSN's ANDA Product throughout the United States, including within Delaware.

12. MSN and Taiho are currently involved in related litigation in this Judicial District that relates to ANDA No. 213893, *Taiho Pharm. Co. Ltd., et al. v. MSN Laboratories Private Ltd. et al.*, C.A. No. 19-2342-CFC. In the related litigation, MSN Laboratories Private Ltd. and MSN Pharmaceuticals Inc. did not contest jurisdiction or venue in this district. *Id.* at D.I. 14.

## NATURE OF THE ACTION

13. This is a civil action for infringement of 10,960,004 ("the '004 patent" or "the patent-in-suit") arising under the United States Patent Laws, Title 35, United States Code § 100, *et seq.*, and in particular under § 271, as well as a civil action for declaratory judgment of patent infringement of the patent-in-suit under 28 U.S.C. §§ 2201-02. Taiho seeks declaratory relief, injunctive relief, attorneys' fees, and any other relief the Court deems just and proper.

14. This action relates to ANDA No. 214024, which MSN filed or caused to be filed under 21 U.S.C. § 355(j) with the FDA, for approval to manufacture, use, and/or offer for sale a generic copy of Taiho's Lonsurf® (trifluridine and tipiracil) tablets throughout the United States prior to the expiration of the patent-in-suit.

## JURISDICTION AND VENUE

15. This is a civil action for infringement arising under the United States Patent Laws, including 35 U.S.C. § 271, as well as a civil action for declaratory judgment of patent infringement under 28 U.S.C. §§ 2201-02.

16. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 2201-02.

17. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

18. This Court has personal jurisdiction over MSN Laboratories Private Ltd. because, *inter alia*, MSN Laboratories Private Ltd., upon information and belief: (1) has substantial, continuous, and systematic contacts with the State of Delaware; (2) intends to market, sell, and/or distribute MSN's ANDA Product to the residents of the State of Delaware; (3) has corporate affiliates that are organized under the laws of the State of Delaware; (4) maintains a broad distribution network within the State of Delaware; and/or (5) enjoys substantial income from sales of its generic pharmaceutical products in the State of Delaware.

19. Upon information and belief, MSN Laboratories Private Ltd. has purposely availed itself of this forum by making, using, importing, selling, or offering to sell pharmaceutical products in the State of Delaware, or causing others to do the same, and therefore can reasonably expect to be subject to jurisdiction in the Delaware courts.

20. Upon information and belief, MSN Laboratories Private Ltd. has substantial, continuous, and systematic contacts with the State of Delaware including MSN Laboratories Private Ltd.'s engagement in the direct marketing, distribution, and/or sale of generic pharmaceutical drugs within the State of Delaware.

21. Upon information and belief, MSN Laboratories Private Ltd., and/or its subsidiaries, affiliates, or agents, intends to engage in the commercial manufacture and sale of MSN's ANDA Product, if approved by the FDA, before the expiration

of the patent-in-suit throughout the United States, including in this Judicial District, and to derive substantial revenue therefrom.

22. Upon information and belief, MSN Laboratories Private Ltd., and/or its subsidiaries, affiliates, or agents, intends to place MSN's ANDA Product into the stream of commerce with the reasonable expectation or knowledge, and the intent, that such product will be purchased and used by consumers in this Judicial District.

23. Upon information and belief, MSN Laboratories Private Ltd. regularly conducts and/or solicits business in the State of Delaware, engages in other persistent courses of conduct in the State of Delaware, and/or derives substantial revenue from the services or products used or consumed in the State of Delaware.

24. MSN Laboratories Private Ltd. has previously submitted to the jurisdiction of this Court and has availed itself of the legal protections of the State of Delaware, including by having asserted counterclaims in this jurisdiction in the matters, *inter alia*, of *Vanda Pharm. Inc. v. MSN Pharm. Inc. et al.*, C.A. No. 19-926-CFC; *Genentech, Inc. et al. v. MSN Laboratories Private Ltd. et al.*, C.A. No. 19-205-RGA; *H. Lundbeck A/S et al. v. MSN Laboratories Private Ltd.*, C.A. No. 18-114-LPS; *Wyeth LLC et al. v. MSN Laboratories Private Ltd.*, C.A. No. 17-233-RGA; and *Millennium Pharm., Inc. v. MSN Laboratories Private Ltd.*, C.A. No. 16-1255-GMS.

25. Upon information and belief, MSN Laboratories Private Ltd. participated in the preparation, development, and filing of ANDA No. 214024, and its underlying subject matter, with the intent to market, sell, and/or distribute MSN's ANDA Product to the residents of the State of Delaware. Taiho's causes of action arise from MSN Laboratories Private Ltd.'s contact with the State of Delaware.

26. Venue is proper in this Judicial District as to MSN Laboratories Private Ltd. because, *inter alia*, MSN Laboratories Private Ltd. is a corporation organized and existing under the laws of the Republic of India and is subject to personal jurisdiction in this Judicial District.

27. This Court has personal jurisdiction over MSN Pharmaceuticals Inc. because MSN Pharmaceuticals Inc. is a corporation organized and existing under the laws of the State of Delaware. MSN Pharmaceuticals Inc. has a registered agent located at 300 Delaware Avenue Suite 210-A, Wilmington, Delaware, 19801. This court also has personal jurisdiction over MSN Pharmaceuticals Inc. because, *inter alia*, MSN Pharmaceuticals Inc., upon information and belief: (1) has substantial, continuous, and systematic contacts with the State of Delaware; (2) intends to market, sell, and/or distribute MSN's ANDA Product to the residents of the State of Delaware; (3) maintains a broad distribution network within the State of Delaware; and/or (4) enjoys substantial income from sales of its generic pharmaceutical products in the State of Delaware.

28. Upon information and belief, MSN Pharmaceuticals Inc. has purposely availed itself of this forum by making, using, importing, selling, or offering to sell pharmaceutical products in the State of Delaware, or causing others to do the same, and therefore can reasonably expect to be subject to jurisdiction in the Delaware courts.

29. Upon information and belief, MSN Pharmaceuticals Inc. has substantial, continuous, and systematic contacts with the State of Delaware including MSN Pharmaceuticals Inc.'s engagement in the direct marketing, distribution, and/or sale of generic pharmaceutical drugs within the State of Delaware.

30. Upon information and belief, MSN Pharmaceuticals Inc., and/or its subsidiaries, affiliates, or agents, intends to engage in the commercial manufacture and sale of MSN's ANDA Product, if approved by the FDA, before the expiration of the patent-in-suit throughout the United States, including in this Judicial District, and to derive substantial revenue therefrom.

31. Upon information and belief, MSN Pharmaceuticals Inc., and/or its subsidiaries, affiliates, or agents, intends to place MSN's ANDA Product into the stream of commerce with the reasonable expectation or knowledge, and the intent, that such product will be purchased and used by consumers in this Judicial District.

32. Upon information and belief, MSN Pharmaceuticals Inc. regularly conducts and/or solicits business in the State of Delaware, engages in other persistent

courses of conduct in the State of Delaware, and/or derives substantial revenue from the services or products used or consumed in the State of Delaware.

33. MSN Pharmaceuticals Inc. has previously submitted to the jurisdiction of this Court and has availed itself of the legal protections of the State of Delaware, including by having asserted counterclaims in this jurisdiction in the matters, *inter alia*, of *Vanda Pharm. Inc. v. MSN Pharm. Inc. et al.*, C.A. No. 19-926-CFC; *Genentech, Inc. et al. v. MSN Laboratories Private Ltd. et al.*, C.A. No. 19-205-RGA; *AstraZeneca AB et al. v. MSN Pharm. Inc. et al.*, C.A. No. 18-2051-RGA; *H. Lundbeck A/S et al. v. MSN Laboratories Private Ltd.*, C.A. No. 18-114-LPS; *Wyeth LLC et al. v. MSN Laboratories Private Ltd.*, C.A. No. 17-233-RGA; and *Onyx Therapeutics, Inc. v. MSN Pharm. Inc. et al.*, C.A. No. 16-999-LPS.

34. Upon information and belief, MSN Pharmaceuticals Inc. participated in the preparation, development, and filing of ANDA No. 214024, and its underlying subject matter, with the intent to market, sell, and/or distribute MSN's ANDA Product to the residents of the State of Delaware. Taiho's causes of action arise from MSN Pharmaceuticals Inc.'s contact with the State of Delaware.

35. Venue is proper in this Judicial District as to MSN Pharmaceuticals Inc. because, *inter alia*, MSN Pharmaceuticals Inc. is a corporation organized and existing under the laws of the State of Delaware and is subject to personal jurisdiction in this Judicial District.

**LONSURF®**

36. Plaintiff Taiho Oncology, Inc. is the holder of the New Drug Application ("NDA") No. 207981 for the manufacture and sale of trifluridine and tipiracil tablets, 15 mg and 20 mg, and sells the product in the United States under the registered trademark Lonsurf®.

37. The FDA approved NDA No. 207981 for the 15 mg and 20 mg tablets on September 22, 2015.

38. Plaintiff Taiho Oncology, Inc. sells and distributes Lonsurf® throughout the United States pursuant to NDA No. 207981.

39. Lonsurf® is indicated for the treatment of metastatic colorectal cancer that has been previously treated with fluoropyrimidine-, oxaliplatin-, and irinotecan-based chemotherapy, an anti-VEGF biological therapy, and if RAS wild-type, an anti-EGFR therapy as well as the treatment of metastatic gastric or gastroesophageal junction adenocarcinoma previously treated with at least two prior lines of chemotherapy that included a fluoropyrimidine, a platinum, either a taxane or irinotecan, and if appropriate, HER2/neu-targeted therapy. A copy of the December, 2019 Lonsurf® Label is attached as Exhibit A.

**PATENT-IN-SUIT**

40. The '004 patent, entitled "Method for Treating Cancer Patients with Severe Renal Impairment" was duly and legally reissued by the United States Patent

and Trademark Office ("USPTO") on March 30, 2021. Taiho Pharmaceutical Co., Ltd. is the owner of all the right, title, and interest in and to the '004 patent by assignment and therefore has the full right to sue and recover for the infringement thereof. A certified copy of the '004 patent is attached as Exhibit B.

41. Pursuant to the Federal Food, Drug, and Cosmetic Act ("FFD&C Act"), 21 U.S.C. § 355(b)(1) and corresponding FDA regulations, Taiho has submitted information concerning the '004 patent to the FDA in connection with NDA No. 207981, identifying it as a patent "with respect to which a claim of patent infringement could reasonably be asserted if a person not licensed by the owner engaged in the manufacture, use, or sale of the drug." The '004 patent has been listed in the FDA publication entitled "Approved Drug Products with Therapeutic Equivalence Evaluations" (commonly known as the "Orange Book") as covering Lonsurf® and methods for using it.

42. Claim 1 of the '004 patent is directed, *inter alia*, to a method for treating gastrointestinal cancer, large bowel cancer, and/or breast cancer comprising: orally administering a drug comprising α,α,α-trifluorothymidine (FTD) and 5-chloro-6-[(2-iminopyrrolidine-1-yl)methyl]pyrimidine-2,4(1H,3H)-dione hydrochloride in a molar ratio of 1:0.5, at a daily dose of 30 to 40 $mg/m^2$/day as FTD-equivalent, in two to four doses a day to the patient with a creatinine clearance of 15 mL/min-29 mL/min.

43. The approved Lonsurf® product labeling instructs medical personnel when treating patients with severe renal impairment, and/or patients with severe renal impairment, to perform the steps of at least one claim of the ’004 patent.

44. The use of Lonsurf® in accordance with its approved product labeling—by medical personnel when treating patients, and/or by patients—necessarily results in the performance of each step of at least one claim of the ’004 patent.

**MSN’S ANDA PRODUCT**

45. Upon information and belief, pursuant to FFD&C Act, 21 U.S.C. § 355(j), MSN submitted ANDA No. 214024 to the FDA seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of MSN’s ANDA Product within the United States prior to the expiration of the patent-in-suit.

46. Upon information and belief, MSN’s ANDA No. 214024 identified Taiho’s Lonsurf® (trifluridine and tipiracil) tablets and included a written certification, as required by FFD&C Act, 21 U.S.C. § 355(j)(2)(A)(vii)(IV) (the “Paragraph IV certification”), alleging that the claims of the ’004 patent is invalid or otherwise will not be infringed by MSN’s ANDA Product.

47. On or about December 1, 2022, Taiho received a letter from MSN purporting to be a written notice that MSN had filed ANDA No. 214024 seeking

approval to market MSN's ANDA Product prior to the expiration of the '004 patent, pursuant to FFD&C Act, 21 U.S.C. § 355(j)(2)(B) (the "Paragraph IV notice letter"). The Paragraph IV notice letter included notice of MSN's allegations that the'004 patent is invalid and/or not infringed by MSN's ANDA Product.

48. MSN's submission of ANDA No. 214024, including the Paragraph IV certification directed to the '004 patent, constituted infringement of the patent-in-suit under 35 U.S.C. § 271(e)(2).

49. MSN's anticipated commercial manufacture, use, sale, offer for sale, and/or importation of MSN's ANDA Product upon approval of ANDA No. 214024 and before expiration of the patent-in-suit will infringe at least claim 1 of the '004 patent under 35 U.S.C. § 271(a), (b), and/or (c).

50. Taiho commenced this action within 45 days of receiving MSN's Paragraph IV notice letter.

**COUNT I – INFRINGEMENT OF U.S. PATENT NO. 10,960,004**

51. Paragraphs 1-50 are incorporated by reference as though fully set forth herein.

52. Administration of Taiho's Lonsurf® (trifluridine and tipiracil) tablets to patients with severe renal impairment according to the Lonsurf® product labeling satisfies at least claim 1 of the '004 patent.

53. Upon information and belief, MSN's ANDA Product has the same use as Lonsurf®, at least because MSN's ANDA No. 214024 refers to and relies upon Taiho's NDA No. 207981 for Lonsurf®.

54. Upon information and belief, and consistent with MSN's paragraph IV certification directed to the '400 patent, the proposed product labeling for MSN's ANDA Product is or will be substantially the same as the approved product labeling for Lonsurf®.

55. Upon information and belief, MSN's ANDA Product, if approved by the FDA, will be administered by medical personnel and/or patients in the same manner as Lonsurf® and will satisfy at least claim 1 of the '004 patent.

56. Upon information and belief, MSN's ANDA Product, or the use or manufacture thereof, is covered by at least claim 1 of the '004 patent.

57. MSN's submission of ANDA No. 214024 and its Paragraph IV certification seeking FDA approval to commercially manufacture, use, sell, offer to sell, or import MSN's ANDA Product prior to the expiration of the '004 patent constitutes infringement of at least claim 1 of the '004 patent under 35 U.S.C. § 271(e)(2).

58. Claim 1 of the '004 patent recites "A method for treating gastrointestinal cancer, large bowel cancer or breast cancer in a patient with a creatinine clearance of 15 mL/min-29 mL/min, comprising: orally administering a

drug comprising α,α,α-trifluorothymidine (FTD) and 5-chloro-6-[(2-iminopyrrolidine-1-yl)methyl]pyrimidine-2,4(1H,3H)-dione hydrochloride in a molar ratio of 1:0.5, at a daily dose of 30 to 40 mg/m2/day as FTD-equivalent, in two to four doses a day to the patient with a creatinine clearance of 15 mL/min-29 mL/min."

59. Discovery will likely show that the product labeling for MSN's ANDA Product will instruct medical personnel and/or patients to treat gastrointestinal cancer and/or large bowel cancer in patients with a creatinine clearance of 15 mL/min-29 mL/min by orally administering a drug comprising α,α,α-trifluorothymidine (FTD) and 5-chloro-6-[(2-iminopyrrolidine-1-yl)methyl]pyrimidine-2,4(1H,3H)-dione hydrochloride in a molar ratio of 1:0.5, at a daily dose of 30 to 40 mg/m2/day as FTD-equivalent, in two to four doses a day to the patient with a creatinine clearance of 15 mL/min-29 mL/min. Discovery will also likely show that the proposed product labeling for MSN's ANDA Product is substantially the same as the approved product labeling for Lonsurf®.

60. Upon information and belief, upon the FDA's approval of ANDA No. 214024, MSN will infringe at least claim 1 of the '004 patent under 35 U.S.C. § 271(a) by making, using, selling, offering to sell, or importing MSN's ANDA Product in the United States.

61. Upon information and belief, upon the FDA's approval of ANDA No. 214036, MSN will infringe at least claim 1 of the '004 patent under 35 U.S.C. § 271(b) by intentionally encouraging, aiding, and abetting acts of direct infringement of the '004 patent, with knowledge of said patent and said infringement.

62. Upon information and belief, the proposed product labeling for MSN's ANDA will instruct medical personnel and/or patients to perform the steps of at least claim 1 of the '004 patent.

63. Upon information and belief, the use of MSN's ANDA Product, if approved and when administered by medical personnel and/or patients, in accordance with the proposed labeling, will induce medical personnel and/or patients to infringe at least claim 1 of the '004 patent.

64. Upon information and belief, MSN specifically intends to cause others, specifically for example, medical personnel and/or patients, to perform acts that MSN knows infringe at least claim 1 of the '004 patent.

65. Upon information and belief, upon the FDA's approval of ANDA No. 214036, MSN will infringe at least claim 1 of the '004 patent under 35 U.S.C. § 271(c) by selling or offering to sell MSN's ANDA Product in the United States, with knowledge of the '004 patent and that there is no substantial non-infringing use for MSN's ANDA Product.

66. Upon information and belief, MSN knows that MSN's ANDA Product and its proposed labeling, if approved, will be specifically made or adapted for use in infringing at least claim 1 of the '004 patent.

67. MSN's ANDA Product constitutes a material part of the invention covered by at least claim 1 of the '004 patent.

68. Pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of ANDA No. 214024 shall be no earlier than the date on which the '004 patent expires, including any patent term and regulatory extensions.

69. Pursuant to 35 U.S.C. § 283 and 35 U.S.C. § 271(e)(4)(B), Taiho is entitled to a permanent injunction against further infringement. Taiho will be substantially and irreparably harmed if MSN's infringement of the '004 patent is not enjoined. Further, Taiho does not have an adequate remedy at law.

70. Upon information and belief, MSN was aware of the '004 patent prior to MSN submitting its Paragraph IV certification and at least as early as August 5, 2021, as well as the statutory provisions and regulations set forth in 21 U.S.C. § 355 and 21 C.F.R. § 314.95, and acted without reasonable basis for a good faith belief that it would not be liable for infringing the '004 patent.

**COUNT II – DECLARATORY JUDGMENT FOR INFRINGEMENT OF U.S. PATENT NO. 10,960,004**

71. Paragraphs 1-70 are incorporated by reference as though fully set forth herein.

72. Administration of Taiho's Lonsurf® (trifluridine and tipiracil) tablets to patients with severe renal impairment according to the Lonsurf® product labeling satisfies at least claim 1 of the '004 patent.

73. Upon information and belief, MSN's ANDA Product has the same use as Lonsurf®, at least because MSN's ANDA No. 214024 refers to and relies upon Taiho's NDA No. 207981 for Lonsurf®.

74. Upon information and belief, and consistent with MSN's paragraph IV certification directed to the '004 patent, the proposed product labeling for MSN's ANDA Product is or will be substantially the same as the approved product labeling for Lonsurf®.

75. Upon information and belief, MSN's ANDA Product, if approved by the FDA, will be administered by medical personnel and/or patients in the same manner as Lonsurf® and will satisfy at least claim 1 of the '004 patent.

76. Upon information and belief, MSN's ANDA Product, or the use or manufacture thereof, is covered by at least claim 1 of the '004 patent.

77. MSN's submission of ANDA No. 214024 and its Paragraph IV certification seeking FDA approval to commercially manufacture, use, sell, offer to sell, or import MSN's ANDA Product prior to the expiration of the '004 patent constitutes infringement of at least claim 1 of the '004 patent under 35 U.S.C. § 271(e)(2).

78. Claim 1 of the ’004 patent recites “A method for treating gastrointestinal cancer, large bowel cancer or breast cancer in a patient with a creatinine clearance of 15 mL/min-29 mL/min, comprising: orally administering a drug comprising α,α,α-trifluorothymidine (FTD) and 5-chloro-6-[(2-iminopyrrolidine-1-yl)methyl]pyrimidine-2,4(1H,3H)-dione hydrochloride in a molar ratio of 1:0.5, at a daily dose of 30 to 40 mg/m2/day as FTD-equivalent, in two to four doses a day to the patient with a creatinine clearance of 15 mL/min-29 mL/min.”

79. Discovery will likely show that the product labeling for MSN’s ANDA Product will instruct medical personnel and/or patients to treat gastrointestinal cancer and/or large bowel cancer in patients with a creatinine clearance of 15 mL/min-29 mL/min by orally administering a drug comprising α,α,α-trifluorothymidine (FTD) and 5-chloro-6-[(2-iminopyrrolidine-1-yl)methyl]pyrimidine-2,4(1H,3H)-dione hydrochloride in a molar ratio of 1:0.5, at a daily dose of 30 to 40 mg/m2/day as FTD-equivalent, in two to four doses a day to the patient with a creatinine clearance of 15 mL/min-29 mL/min. Discovery will also likely show that the proposed product labeling for MSN’s ANDA Product is substantially the same as the approved product labeling for Lonsurf®.

80. Upon information and belief, upon the FDA’s approval of ANDA No. 214024, MSN will infringe at least claim 1 of the ’004 patent under 35 U.S.C. §

271(a) by making, using, selling, offering to sell, or importing MSN's ANDA Product in the United States.

81. Upon information and belief, upon the FDA's approval of ANDA No. 214036, MSN will infringe at least claim 1 of the '004 patent under 35 U.S.C. § 271(b) by intentionally encouraging, aiding, and abetting acts of direct infringement of the '004 patent, with knowledge of said patent and said infringement.

82. Upon information and belief, the proposed product labeling for MSN's ANDA will instruct medical personnel and/or patients to perform the steps of at least claim 1 of the '004 patent.

83. Upon information and belief, the use of MSN's ANDA Product, if approved and when administered by medical personnel and/or patients, in accordance with the proposed labeling, will induce medical personnel and/or patients to infringe at least claim 1 of the '004 patent.

84. Upon information and belief, MSN specifically intends to cause others, specifically for example, medical personnel and/or patients, to perform acts that MSN knows infringe at least claim 1 of the '004 patent.

85. Upon information and belief, upon the FDA's approval of ANDA No. 214036, MSN will infringe at least claim 1 of the '004 patent under 35 U.S.C. § 271(c) by selling or offering to sell MSN's ANDA Product in the United States, with

knowledge of the ’004 patent and that there is no substantial non-infringing use for MSN’s ANDA Product.

86. Upon information and belief, MSN knows that MSN’s ANDA Product and its proposed labeling, if approved, will be specifically made or adapted for use in infringing at least claim 1 of the ’004 patent.

87. MSN’s ANDA Product constitutes a material part of the invention covered by at least claim 1 of the ’004 patent.

88. Upon information and belief, MSN was aware of the ’004 patent prior to MSN submitting its Paragraph IV certification and at least as early as August 5, 2021, as well as the statutory provisions and regulations set forth in 21 U.S.C. § 355 and 21 C.F.R. § 314.95.

89. Upon information and belief, MSN acted, and upon the FDA’s approval of ANDA No. 214024, will act, without a reasonable basis for a good faith belief that it would not be liable for directly and indirectly infringing the ’004 patent.

90. Pursuant to 28 U.S.C. § 2201, Taiho is entitled to a declaratory judgment that MSN’s making, using, offering to sell, selling and/or importing MSN’s ANDA Product, inducement thereof, or contribution thereto, will infringe the ’004 patent pursuant to 35 U.S.C. §§ 271(a), (b) and/or (c).

91. Pursuant to 28 U.S.C. § 2201 and 35 U.S.C. § 271(e)(4)(A), Taiho is entitled to a declaratory judgment that the effective date of any approval of ANDA

No. 214024 shall be no earlier than the date on which the ’004 patent expires, including any patent term and regulatory extensions.

92. The Court should declare that the commercial manufacture, use, sale, offer for sale, or importation of MSN’s ANDA Product with its proposed labeling, or any other MSN drug that is covered by or the use of which is covered by the ’004 patent, will infringe, induce the infringement of, and contribute to the infringement by others of the ’004 patent, and that the claims of the ’004 patent are not invalid.

## REQUEST FOR RELIEF

WHEREFORE, Taiho respectfully requests the following relief:

A. The entry of judgment on the Complaint in favor of Plaintiffs and against Defendants.

B. The entry of judgment that MSN has infringed the ’004 patent under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 214024 to the FDA;

C. The entry of judgment that the commercial manufacture, use, sale, offer for sale, and/or importation of MSN’s ANDA Product before the expiration of the ’004 patent, including any patent term and regulatory extensions, will constitute acts of infringement of the ’004 patent by MSN;

D. The issuance of an order pursuant to 35 U.S.C. § 271(e)(4)(A) that the effective date of any approval of ANDA No. 214024 shall be no earlier than the date on which the ’004 patent expires, including any patent term and regulatory extensions;

E. The issuance of an injunction under 35 U.S.C. § 271(e)(4)(B) and/or 35 U.S.C. § 283, enjoining MSN, its officers, agents, servants, employees, licensees, representatives, attorneys, and all other persons acting or attempting to act in concert with them, from the manufacture, use, sale, offer to sell, and/or importation within the United States, of any pharmaceutical product covered by the ’004 patent prior to the expiration of said patent including any patent term and regulatory extensions;

F. An award of damages or other monetary relief under 35 U.S.C. § 271(e)(4)(C) and/or 35 U.S.C. § 284 as appropriate;

G. A finding that this is an exceptional case under 35 U.S.C. § 285, and an award to Taiho of its reasonable attorneys’ fees and costs; and

H. An award of any such other and further relief as the Court may deem just and proper.

ASHBY & GEDDES

*/s/ Steven J. Balick*

Steven J. Balick (#2114)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys for Plaintiffs Taiho Pharmaceutical Co., Ltd. and Taiho Oncology, Inc.*

*Of Counsel:*

Michael D. Kaminski
Liane M. Peterson
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 500
Washington, D.C. 20007-5109
(202) 672-5300
mkaminski@foley.com
lpeterson@foley.com

Dated: January 3, 2023